Alice L. CULPEPPER, Appellant,

v.

C. W. GREEN et ux., Appellees.

No. 3435.

Court of Civil Appeals of Texas.

Eastland.

April 17, 1959.

Perkins & Vollentine, Gonzales, for appellant.

Pat Beene, Snyder, for appellees.

GRISSOM, Chief Justice.

C. W. Green and wife sued Alice L. Culpepper, individually and as the administratrix of the community estate of herself and her deceased husband, to remove the cloud cast upon the Greens' title to some lots in Snyder by virtue of an abstract of judgment lien. The Greens alleged that said lots constituted their homestead and, therefore, were not affected thereby. In a trial to the court, it was held that said lots constituted the homestead of the Greens and it was therefore adjudged that the Cul-

peppers had no lien against them. Mrs. Culpepper has appealed.

Appellant says the court erred in holding that Block 14 and, the west 90 feet of Lot 3, Block 11, were not subject to the judgment lien because (a) there was no evidence, or (b) the evidence was insufficient to sustain the finding that said property was a part of the Greens' homestead and (c) that such finding, as to each, is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. In 1951 O. R. Culpepper, deceased, obtained a judgment against C. W. Green. It was properly abstracted, indexed and recorded in Scurry County prior to January, 1957. In January, 1957, the Greens were residing in a house on the lots involved in this suit. About that time said property was conveyed to him by his relatives. About the time he acquired the property, he sustained an injury which incapacitated him for several months. At all times since the property was acquired by the Greens they have resided in a house on the property. There is evidence that, because of Mr. Green's injury and lack of finances, he has been unable to make planned improvements on the property here in controversy. However, he testified, in effect, that he had used all of the property as his homestead, plowed and planted it, used it for a garden and to graze cattle and horses and to live on. Green testified that the lots all joined except that there is a street "cut" between Lot 3, Block 11 and Block 14. He testified that the house is located on Block 12; that from time to time he planted all the property except that which was used as a part of his yard; that Block 14 is planted in wheat and oats to be used for grazing a milk cow and a horse; that it was his intention to render all of said property for taxation as a homestead and he so informed the tax assessor; that he has used the property here in controversy "to live on"; that his children played on it; that the west 90 feet of Lot 3, Block 11, has shade trees on it; that in the summer of 1957 he grazed several shetland ponies on said property; that there

is a good fence around part of the lots; that he had torn down an old fence around some of the others but had not yet been able to replace it with a new fence. He testified that he had always used the property here in controversy as a part of his yard; that Block 14 had on it "balls and bats and tricycles and wagons". Green testified that he intended to improve the property in controversy and to fence it all; that he had used it all as his home, but that he had not yet made the intended improvements because of his physical and financial inability.

We think it is apparent from a statement of the evidence most favorable to the judgment that the evidence supports the court's finding that the lots here in controversy are a part of the Green's homestead. 22 Tex.Jur. 248. The judgment is affirmed.